IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL L. DEJESUS, JR. and | : | |
| CAROLINE MORALES, Individually | : | |
| And as Husband and Wife | : | |
| | : | |
| *Plaintiffs* | : | |
| | : | |
| | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| LOUIS SANTIAGO, | : | |
| in his individual capacity | : | |
| and | : | |
| MATTHEW KARNISH, | : | |
| in his individual capacity | : | |
| and | : | |
| ALEXANDER BOEHM, | : | |
| in his individual capacity | : | |
| and | : | |
| BRIAN BRANSTON, | : | |
| in his individual capacity | : | |
| and | : | |
| JUSTIN WILLIAMS, | : | |
| in his individual capacity | : | |
| and | : | |
| MICHAEL GOOD, | : | |
| in his individual capacity | : | |
| | : | |
| *Defendants* | : | |

## COMPLAINT WITH JURY DEMAND

### Introduction

This action is filed by Plaintiffs Angel L. DeJesus, Jr. and Caroline Morales against

Defendants Louis Santiago, Matthew Karnish, Alexander Boehm, Brian Branston, Justin

Williams, and Michael Good, seeking damages under 42 U.S.C. § 1983 for unreasonable use of

force and failure to intervene in violation of Mr. DeJesus's rights as guaranteed by the Fourth

Amendment to the United States Constitution, as well as state law liability for assault and

battery, negligent infliction of emotional distress, and willful misconduct in connection with the subject incident and series of events.

## Jurisdiction

1.   This action is brought pursuant to 42 U.S.C. § 1983. This court has original jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## Venue

2.   A substantial part of the events and omissions giving rise to the claims set forth herein occurred in Allentown, Lehigh County, Pennsylvania. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Pennsylvania.

## Parties

3.   Plaintiff Angel L. DeJesus, Jr. (hereinafter referred to as "Mr. DeJesus") is an adult individual, a citizen of the United States, and a resident of the Commonwealth of Pennsylvania, domiciled in the City of Allentown, County of Lehigh.

4.   Plaintiff Caroline Morales (hereinafter referred to as "Ms. Morales") is an adult individual, a citizen of the United States, the wife of Mr. DeJesus, and a resident of the Commonwealth of Pennsylvania, domiciled in the City of Allentown, County of Lehigh.

5.   Defendant Louis Santiago ("Officer Santiago") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 425 Hamilton Street, Allentown, PA 18101.

6.   Defendant Officer Santiago, at all times relevant and material hereto, was an agent and employee of the City of Allentown, assigned to and working as a law enforcement and patrol officer within the Allentown Police Department, acting and/or failing to act within the course

2

and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

7.  Defendant Matthew Karnish ("Officer Karnish") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 425 Hamilton Street, Allentown, PA 18101.

8.  Defendant Officer Karnish, at all times relevant and material hereto, was an agent and employee of the City of Allentown, assigned to and working as a law enforcement and patrol officer within the Allentown Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

9.  Defendant Alexander Boehm ("Officer Boehm") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 425 Hamilton Street, Allentown, PA 18101.

10.  Defendant Officer Boehm, at all times relevant and material hereto, was an agent and employee of the City of Allentown, assigned to and working as a law enforcement and patrol officer within the Allentown Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

11.  Defendant Brian Branston ("Officer Branston") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 425 Hamilton Street, Allentown, PA 18101.

12.  Defendant Officer Branston, at all times relevant and material hereto, was an agent and employee of the City of Allentown, assigned to and working as a law enforcement and patrol

3

officer within the Allentown Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

13.   Defendant Justin Williams ("Officer Williams") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 425 Hamilton Street, Allentown, PA 18101.

14.   Defendant Officer Williams, at all times relevant and material hereto, was an agent and employee of the City of Allentown, assigned to and working as a law enforcement and patrol officer within the Allentown Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

15.   Defendant Michael Good ("Officer Good") is an adult individual and resident of the Commonwealth of Pennsylvania with a business address of 425 Hamilton Street, Allentown, PA 18101.

16.   Defendant Officer Good, at all times relevant and material hereto, was an agent and employee of the City of Allentown, assigned to and working as a law enforcement and patrol officer within the Allentown Police Department, acting and/or failing to act within the course and scope of said agency and employment, and acting under color of state law. He is named as a defendant in his individual capacity.

## Factual Background

17.   On November 4, 2021 at approximately 11:00 p.m., Mr. DeJesus was near the intersection South 4th and Brookdale Streets in Allentown, PA, when an individual provided him

information that led him to conclude his wife Ms. Morales had just been involved in a motor vehicle collision at said intersection.

18.   Mr. DeJesus ran toward the intersection and saw a white SUV overturned in the intersection and yellow police tape cordoning off the scene.

19.   Believing the overturned vehicle was his wife's vehicle, that his wife was in the vehicle, and that his wife may have been seriously injured, Mr. DeJesus continued running to the intersection, yelling his wife's name.[1]

20.   As he got to the crash scene, he crossed the yellow police tape to try to get to the overturned vehicle.

21.   Before he reached the vehicle, Mr. DeJesus was grabbed and violently beaten about his head and body by several Allentown police officers including Defendants Officer Santiago, Officer Karnish, Officer Boehm, Officer Branston, Officer Williams, and/or Officer Good.

22.   Throughout the aforesaid beating of Mr. DeJesus, other Allentown police officers, including Defendants Officer Santiago, Officer Karnish, Officer Boehm, Officer Branston, Officer Williams, and/or Officer Good, stood in close proximity and observed their fellow officer's actions toward Mr. DeJesus yet failed to take any action to intervene to try to stop the conduct.

23.   Mr. DeJesus was arrested and placed in handcuffs by Defendants Officer Santiago, Officer Karnish, Officer Boehm, Officer Branston, Officer Williams, and/or Officer Good.

24.   In connection with the aforesaid arrest, Mr. DeJesus was handcuffed in an improper manner which caused him to experience ongoing pain in his wrists and about which he

---

[1] Mr. DeJesus subsequently learned he was mistaken in this regard, as neither Ms. Morales nor her vehicle were involved in the motor vehicle incident.

contemporaneously complained to the arresting officer(s), none of whom took any steps to adjust the handcuffs.

25.   In connection with the aforesaid encounter, Mr. DeJesus was charged with several misdemeanor and summary offenses including resisting arrest, obstructing emergency services, disorderly conduct, and public drunkenness.

26.   On August 3, 2022, Mr. DeJesus pled guilty to the summary offenses of public drunkenness and disorderly conduct; all other charges were dismissed.

27.   Mr. DeJesus did not commit any offense nor engage in any conduct justifying the aforesaid acts and omissions of any of the defendant officers with regard to the nature or extent of the use of force against Mr. DeJesus or the manner in which he remained handcuffed.

28.   As a direct and proximate result of the aforesaid incident and Defendants' aforesaid and below-described acts and omissions, Mr. DeJesus has sustained the following injuries and damages:

(a) Violations of his rights under the Fourth Amendment to the United States Constitution to be secure in his person from an unreasonable and excessive use of force;

(b) Physical injuries requiring medical, dental, and other health care including but not limited to a concussion/closed head injury, dental injuries, and injuries to his wrists and left shoulder;

(c) Pain, suffering, fear, anxiety, embarrassment, humiliation, disfigurement, emotional distress, and post-traumatic stress, some or all of which may be permanent; and

(d) Medical, dental, and health care expenses.

29.  Defendants acted in concert and conspiracy and are jointly and severally responsible for all injuries and damages directly and proximately caused to Mr. DeJesus.

30.  Defendants acted negligently, willfully, wantonly, intentionally, and/or with deliberate indifference to Mr. DeJesus's constitutional rights.

<u>**COUNT I**</u>
**ANGEL L. DEJESUS, JR. v. LOUIS SANTIAGO**
*(42 U.S.C. § 1983)*

31.  Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

32.  Officer Santiago deprived Mr. DeJesus of his right to be secure in his person from an unreasonable and excessive use of force and thus violated Mr. DeJesus's rights as guaranteed by the Fourth Amendment of the United States Constitution.

33.  Specifically, Officer Santiago engaged in the following unconstitutional conduct:

(a) Using unreasonable and excessive force upon Mr. DeJesus;

(b) Facilitating and assisting in the use of unreasonable and excessive force upon Mr. DeJesus by Defendants Officer Karnish, Officer Boehm, Officer Branston, Officer Williams, Officer Good, and/or other law enforcement personnel;

(c) Failing and refusing to loosen or adjust the handcuffs despite hearing Mr. DeJesus's pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen or adjust the handcuffs despite Mr. DeJesus's requests for same; and

(e) Failing to intervene to attempt to prevent or stop the unconstitutional use of unreasonable and excessive force being committed in his presence and in his full view upon Mr. DeJesus by Defendants Officer Karnish, Officer Boehm, Officer Branston,

Officer Williams, Officer Good, and/or other law enforcement personnel despite having a realistic and reasonable opportunity to do so.

34. As a direct and proximate result of Officer Santiago's aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

<u>**COUNT II**</u>
**ANGEL L. DEJESUS, JR. v. MATTHEW KARNISH**
*(42 U.S.C. § 1983)*

35. Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

36. Officer Karnish deprived Mr. DeJesus of his right to be secure in his person from an unreasonable and excessive use of force and thus violated Mr. DeJesus's rights as guaranteed by the Fourth Amendment of the United States Constitution.

37. Specifically, Officer Karnish engaged in the following unconstitutional conduct:

(a) Using unreasonable and excessive force upon Mr. DeJesus;

(b) Facilitating and assisting in the use of unreasonable and excessive force upon Mr. DeJesus by Defendants Officer Santiago, Officer Boehm, Officer Branston, Officer Williams, Officer Good, and/or other law enforcement personnel;

(c) Failing and refusing to loosen or adjust the handcuffs despite hearing Mr. DeJesus's pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen or adjust the handcuffs despite Mr. DeJesus's requests for same; and

(e) Failing to intervene to attempt to prevent or stop the unconstitutional use of unreasonable and excessive force being committed in his presence and in his full view upon Mr. DeJesus by Defendants Officer Santiago, Officer Boehm, Officer Branston,

Officer Williams, Officer Good, and/or other law enforcement personnel despite having a realistic and reasonable opportunity to do so.

38.   As a direct and proximate result of Officer Karnish's aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

**COUNT III**
**ANGEL L. DEJESUS, JR. v. ALEXANDER BOEHM**
*(42 U.S.C. § 1983)*

39.   Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

40.   Officer Boehm deprived Mr. DeJesus of his right to be secure in his person from an unreasonable and excessive use of force and thus violated Mr. DeJesus's rights as guaranteed by the Fourth Amendment of the United States Constitution.

41.   Specifically, Officer Boehm engaged in the following unconstitutional conduct:

(a) Using unreasonable and excessive force upon Mr. DeJesus;

(b) Facilitating and assisting in the use of unreasonable and excessive force upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Branston, Officer Williams, Officer Good, and/or other law enforcement personnel;

(c) Failing and refusing to loosen or adjust the handcuffs despite hearing Mr. DeJesus's pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen or adjust the handcuffs despite Mr. DeJesus's requests for same; and

(e) Failing to intervene to attempt to prevent or stop the unconstitutional use of unreasonable and excessive force being committed in his presence and in his full view upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Branston,

Officer Williams, Officer Good, and/or other law enforcement personnel despite having a realistic and reasonable opportunity to do so.

42.   As a direct and proximate result of Officer Boehm's aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

<u>**COUNT IV**</u>
**ANGEL L. DEJESUS, JR. v. BRIAN BRANSTON**
*(42 U.S.C. § 1983)*

43.   Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

44.   Officer Branston deprived Mr. DeJesus of his right to be secure in his person from an unreasonable and excessive use of force and thus violated Mr. DeJesus's rights as guaranteed by the Fourth Amendment of the United States Constitution.

45.   Specifically, Officer Branston engaged in the following unconstitutional conduct:

(a) Using unreasonable and excessive force upon Mr. DeJesus;

(b) Facilitating and assisting in the use of unreasonable and excessive force upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Boehm, Officer Williams, Officer Good, and/or other law enforcement personnel;

(c) Failing and refusing to loosen or adjust the handcuffs despite hearing Mr. DeJesus's pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen or adjust the handcuffs despite Mr. DeJesus's requests for same; and

(e) Failing to intervene to attempt to prevent or stop the unconstitutional use of unreasonable and excessive force being committed in his presence and in his full view upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Boehm,

Officer Williams, Officer Good, and/or other law enforcement personnel despite having a realistic and reasonable opportunity to do so.

46.  As a direct and proximate result of Officer Branston's aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

<u>**COUNT V**</u>
**ANGEL L. DEJESUS, JR. v. JUSTIN WILLIAMS**
*(42 U.S.C. § 1983)*

47.  Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

48.  Officer Williams deprived Mr. DeJesus of his right to be secure in his person from an unreasonable and excessive use of force and thus violated Mr. DeJesus's rights as guaranteed by the Fourth Amendment of the United States Constitution.

49.  Specifically, Officer Williams engaged in the following unconstitutional conduct:

(a) Using unreasonable and excessive force upon Mr. DeJesus;

(b) Facilitating and assisting in the use of unreasonable and excessive force upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Boehm, Officer Branston, Officer Good, and/or other law enforcement personnel;

(c) Failing and refusing to loosen or adjust the handcuffs despite hearing Mr. DeJesus's pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen or adjust the handcuffs despite Mr. DeJesus's requests for same; and

(e) Failing to intervene to attempt to prevent or stop the unconstitutional use of unreasonable and excessive force being committed in his presence and in his full view upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Boehm,

11

Officer Branston, Officer Good, and/or other law enforcement personnel despite having a realistic and reasonable opportunity to do so.

50.   As a direct and proximate result of Officer Williams's aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

**COUNT VI**
**ANGEL L. DEJESUS, JR. v. MICHAEL GOOD**
*(42 U.S.C. § 1983)*

51.   Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

52.   Officer Good deprived Mr. DeJesus of his right to be secure in his person from an unreasonable and excessive use of force and thus violated Mr. DeJesus's rights as guaranteed by the Fourth Amendment of the United States Constitution.

53.   Specifically, Officer Good engaged in the following unconstitutional conduct:

(a) Using unreasonable and excessive force upon Mr. DeJesus;

(b) Facilitating and assisting in the use of unreasonable and excessive force upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Boehm, Officer Branston, Officer Williams, and/or other law enforcement personnel;

(c) Failing and refusing to loosen or adjust the handcuffs despite hearing Mr. DeJesus's pain complaints regarding the handcuffs;

(d) Failing and refusing to loosen or adjust the handcuffs despite Mr. DeJesus's requests for same; and

(e) Failing to intervene to attempt to prevent or stop the unconstitutional use of unreasonable and excessive force being committed in his presence and in his full view upon Mr. DeJesus by Defendants Officer Santiago, Officer Karnish, Officer Boehm,

12

Officer Branston, Officer Williams, and/or other law enforcement personnel despite having a realistic and reasonable opportunity to do so.

54.   As a direct and proximate result of Officer Good's aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

<u>COUNT VII</u>
**ANGEL L. DEJESUS, JR. v. LOUIS SANTIAGO, MATTHEW KARNISH, ALEXANDER BOEHM, BRIAN BRANSTON, JUSTIN WILLIAMS, and MICHAEL GOOD**
*(State Law Claims)*

55.   Mr. DeJesus incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

56.   Defendants' aforesaid acts and omissions constituted assault and battery, negligent infliction of emotional distress, and willful misconduct under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

57.   As a direct and proximate result of Defendants' respective aforesaid acts and omissions, Mr. DeJesus has sustained the injuries and incurred the damages set forth in ¶ 28, *supra*.

<u>COUNT VIII</u>
**CAROLINE MORALES v. LOUIS SANTIAGO, MATTHEW KARNISH, ALEXANDER BOEHM, BRIAN BRANSTON, JUSTIN WILLIAMS, and MICHAEL GOOD**
*(Loss of Consortium)*

58.   Ms. Morales incorporates by reference the allegations in the preceding paragraphs as fully as though each were set forth at length herein.

59.   At all times material hereto, Ms. Morales has been the wife of Mr. DeJesus, entitled to the services, companionship, support, assistance, society, comfort, contentment, and consortium of her husband.

60.   As a direct and proximate result of the aforesaid incident and the resulting injuries and damages sustained by Mr. DeJesus, Ms. Morales has been and will be deprived of the services, companionship, support, assistance, society, comfort, contentment, and consortium of Mr. DeJesus, with such deprivation and impairment continuing in the future, all to her ongoing detriment and loss.

61.   As a further direct and proximate result of the aforesaid incident and the resulting injuries and damages sustained by Mr. DeJesus, Ms. Morales has been and will be required to expend various amounts of money for medicine, medical expenses, dental expenses, and/or health care in an attempt to cure Mr. DeJesus of his injuries and/or to lessen the severity of same, all to her detriment and loss.

62.   As a further direct and proximate result of the aforesaid incident and the resulting injuries and damages sustained by Mr. DeJesus, Ms. Morales has been and will be required to expend various amounts of time and effort to obtain medical treatment for Mr. DeJesus and to perform, amongst other things, household duties, in an attempt to help cure Mr. Jesus of his injuries and/or to lessen the severity of same, all to her ongoing detriment and loss.

## REQUEST FOR RELIEF AND JURY DEMAND

In light of the foregoing, Plaintiffs request the following relief:

(a)   This court's declaration that Defendants' acts and omissions violated Plaintiff Angel L. DeJesus, Jr.'s constitutional rights;

(b)   Compensatory damages;

(c)   Punitive damages;

(d)   Reasonable attorney's fees and costs; and

(e)   Such other and further relief as the court deems reasonable and just.

14

Plaintiffs demand a jury trial as to each Defendant and as to each claim for relief.

DATE: September 1, 2023                          s/  Richard M. Wiener
                                                Richard M. Wiener, Esquire
                                                PA Attorney I.D. No. 68041
                                                Law Offices of Richard M. Wiener, LLC
                                                161 Washington Street, Suite 400
                                                Conshohocken, PA 19428
                                                Ph: (610) 832-8050
                                                Fx: (610) 487-0300
                                                Email: rwiener@wienerlegal.com
                                                *Attorney for Plaintiff*